1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC RYAN HAYDE,                          No.  2:19-cv-0432 DB P

12              Plaintiff,

13        v.                                    ORDER

14   E. ZAMORA, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  (ECF Nos. 1,

19   2, 5).  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1)(B).

21        For the reasons stated below, the court shall grant plaintiff's request to proceed in forma

22   pauperis.  Plaintiff will also be given an opportunity to amend the complaint.

23   I.     IN FORMA PAUPERIS APPLICATION

24        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  (See ECF Nos. 2, 5).  Accordingly, the request to proceed in forma pauperis will be

26   granted.

27        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III.    PLEADING STANDARD

### A.    Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B.    Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  This is done by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.  Id. at 676.

## IV.   PLAINTIFF'S COMPLAINT

### A.   Plaintiff's Claims

Plaintiff's complaint is convoluted and repetitive.  Nevertheless, construing the complaint liberally,[1] the court believes that plaintiff is attempting to allege claims against Orange County Jail ("OCJ"), Wasco State Prison ("WSP") and High Desert State Prison ("HDSP") officials.

Plaintiff's claims against OCJ officials originate from when he was a pretrial detainee. They include cruel and unusual punishment and the denial of due process in violation of his Fourteenth Amendment[2] rights, as well as retaliation in violation of his First Amendment rights. (See generally ECF No. 1).  His claims against WSP and HDSP officials while a prisoner include retaliation in violation of his First Amendment rights; failure to follow department policy related to written disciplinary reports; conspiracy with jail employees to falsify evidence; conspiracy to deprive him of equal protection and privileges, and deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights.  (See generally id. at 3-13).

////

---

[1]  This court is obligated to liberally construe the pleadings of pro se litigants.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

[2]  As a pretrial detainee, plaintiff's right to be free from cruel and unusual punishment derives from the Fourteenth Amendment's Due Process Clause.  See Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979); Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).  Nevertheless, the same standards apply as those used in Eighth Amendment cruel and unusual punishment claims.  See Simmons, 609 F.3d at 1017 (citing Clouthier v. Cty. of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010)).

1    **B.    Resulting Harm**

2    Plaintiff asserts that as a result of defendants' actions and inaction, he has experienced

3    post-traumatic stress disorder and mental anguish.  He also accuses defendants of intentional

4    infliction of emotional distress and infliction of psychological harm.  (See ECF No. 1 at 3, 8).

5    **C.    Remedies Sought**

6    Plaintiff seeks nominal damages in the amount of $20.00.  (See ECF No. 1 at 15).  He also

7    seeks $24,000.00 in compensatory damages and $500.00 in punitive damages.  (See id. at 15).

8    These amounts, plaintiff asserts, will compensate him for his pain and suffering and for the

9    violation of his civil rights.  (See id. at 15).

10   **V.    DISCUSSION**

11   **A.    Orange County Jail Officials**

12   **1.    Facts**

13   Plaintiff alleges that when he was a pretrial detainee at Orange County Jail, officials there[3]

14   subjected him to minimal out-of-cell time, virtually non-existent medical care,[4] inedible food, and

15   filthy living conditions.  (See ECF No. 1 at 3-4).  In addition, plaintiff alleges that at times, he

16   was also deprived of a shower or razor a week at a time.  (See id. at 3-4).  He further alleges that

17   after he complained about these conditions, officials retaliated against him by searching and

18   ransacking his cell several times and by throwing his legal documents in the trash.  (See id. at 3-

19   4).  Plaintiff also claims that because he filed grievances about the retaliation, he was retaliated

20   against again when defendants placed him in disciplinary segregation for months without notice

21   and without being given a hearing.  (See id. at 3-4).  These violations of right, plaintiff contends,

22   continued off and on for a period of three years until he was convicted and transferred to state

23   prison.  (See id. at 3-4).

24   ////

25   ////

26   _____

27   [3] Plaintiff has not identified the OCJ officials.

[4] Because plaintiff's allegation related to the denial of medical care is so vague (see generally ECF No. 1 at 3-4), the court does not address it herein.  If, however, plaintiff chooses to amend

28   the complaint, he is free to provide more information in support of a deliberate indifference claim.

**2. Relevant Law and Analysis**

**a. Cruel and Unusual Punishment:  Living Conditions**

Prison officials may not deprive prisoners of basic necessities of life including adequate food, clothing, shelter, sanitation, medical care and personal safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994); <u>Hoptowit v. Spellman</u>, 753 F.2d 779, 784 (9th Cir. 1985) (stating prisoners have constitutional right to safe conditions of confinement and adequate level of personal safety); <u>see Hoptowit v. Ray</u>, 682 F.2d 1237, 1258 (9th Cir. 1982) <u>overruled on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).  Such deprivations violate an inmate's constitutional rights.  <u>See Hoptowit</u>, 682 F.2d at 1258.  In other words, harsh conditions of confinement may constitute cruel and unusual punishment unless such conditions are part of the penalty that criminal offenders pay for their offenses against society.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986) (citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981)).

To establish that Orange County Jail officials' treatment of plaintiff violated his constitutional right to be free from cruel and unusual punishment when they:  (1) deprived him of showers a week a time over a three to four-and-a-half-year period; (2) only gave him two hours of outdoor recreation per week, and (3) served him inedible food and forced him to live in unsanitary conditions (<u>see</u> ECF No. 1 at 3), plaintiff must show that specific OCJ officials were subjectively aware of plaintiff's needs and failed to adequately respond to them.  <u>See Farmer</u>, 511 U.S. at 828; <u>Simmons</u>, 609 F.3d at 1017-18.

Here, plaintiff fails to identify which OCJ officials deprived him of these basic necessities.  He also fails to state a link between specific individuals and specific deprivations.  (<u>See generally</u> ECF No. 1).  For these reasons, plaintiff's cruel and unusual punishment claim is not cognizable.  Plaintiff will, however, be given the opportunity to amend this claim and provide this information.

**b. Retaliation**

Prisoners have a First Amendment right to file grievances against prison officials and a right to be free from retaliation for doing so.  <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir.

////

2009); see Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (stating of fundamental import to prisoners are their First Amendment rights to file prison grievances).

Plaintiff's claims that during his years as a pretrial detainee, OCJ officials retaliated against him on several occasions when they:  (1) ransacked his cell and deprived him of showers for days at a time; (2) threw away his legal documents, and (3) placed him in disciplinary segregation without due process simply because he had filed grievances (see ECF No. 1 at 3-4) also potentially raises cognizable claims of violations of his First Amendment right against retaliation.  However, once again, plaintiff has failed to identify the specific jail officials who participated in these deprivations.

Plaintiff will be given an opportunity to correct the deficiencies in this claim as well. Should he choose to amend, he must identify each defendant actor, the specific actions each one took against him and/or failed to take, as well as the specific harm he experienced as a result.

### c.  No Procedural Due Process:  Disciplinary Isolation

Plaintiff states that after he filed grievances against OCJ personnel, they retaliated against him again by placing him in "disciplinary isolation" for months on end.  (See ECF No. 1 at 3.) He further states that prior to this placement, he "never received any notice or reasons for any charges; he never had a hearing, and he never spoke with a hearing officer."  (See id. at 3-4). Plaintiff also claims that prior to being forced into isolation "there was never any finding by a factfinder," despite the fact that he was a pretrial detainee.  (See id. at 3-4).

Pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule.[5]  Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).  Plaintiff s allegation that he was punished without due process, on its

---

[5]  In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court determined that a litigant has received adequate procedural due process during prison disciplinary proceedings when he has been given the following:  (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex.  Wolff, 418 U.S. at 564-70; see generally Hanrahan v. Lane, 747 F.2 1137, 1140 (7th Cir. 1984).  These requirements protect inmates from "arbitrary actions extinguishing their privileges."  Hanrahan, 747 F.2d at 1140 (citation omitted).

1    face, has the potential to be cognizable.  For this to become a viable claim, however, plaintiff

2    must identify the OCJ officials who placed him in disciplinary segregation and/or those who

3    punished him without due process.  He must also state with specificity the actions each one took –

4    or failed to take – that support this alleged violation of due process.  Plaintiff will be given the

5    opportunity to provide this information in an amended complaint.

6        **B.   Wasco State Prison and County Jail Officials:  Defendants Zamora and Santo[6]**

7            **1.  Facts**

8            Plaintiff claims that defendant Zamora of WSP violated his rights when, in retaliation

9    against plaintiff for having filed grievances, he used thirteen unsupported disciplinary violations

10   to arrive at a Level IV classification for plaintiff.  (See generally ECF No. 1 at 4-5).  He also

11   claims that his rights were violated when, in violation of department policy, defendant Zamora

12   failed to provide written reports of the alleged findings of guilt in those disciplinary actions.  (See

13   generally id. at 5).  Plaintiff further alleges that his rights were violated when defendant Zamora

14   and defendant Santo conspired to create and then use false information to establish that plaintiff

15   had committed bad acts prior to his court conviction.  (See id. at 5).  He also appears to argue that

16   these defendants' use of false information deprived him of his rights under the Equal Protection

17   Clause.  (See generally id. at 5-7).

18           **2.  Relevant Law and Analysis**

19              **a.  Retaliation**

20                 **i.   Defendant Zamora**

21           Plaintiff alleges that defendant Zamora of WSP intentionally calculated a higher

22   classification level for plaintiff because plaintiff had filed grievances while in jail and because

23   within ninety days of his arrival at WSP, plaintiff had filed grievances there.  (See ECF No. 1 at

24   4).  According to plaintiff, defendant Zamora told him that he and defendant Santo of OCJ had

25   discussed the multiple grievances plaintiff had filed while housed at OCJ, and that plaintiff

26

27   [6]  Based upon the record, the court believes that defendant A. Santo is an employee of the Orange
     County Jail and will analyze plaintiff's claims accordingly.  If plaintiff is not an OCJ employee,
28   plaintiff must inform the court immediately.

1  having done the same thing within ninety days of his arrival at WSP was "putting [plaintiff's]

2  career in jeopardy."  (See id. at 4) (brackets added).  When plaintiff asked defendant Zamora if he

3  should take those words as a threat, defendant Zamora allegedly smiled at plaintiff and handed

4  him a copy of his legal summary paperwork which had calculated his classification points at a

5  level that was much higher than plaintiff had anticipated.

6      This claim against defendant Zamora is cognizable.  It is well-settled that prisoners have a

7  First Amendment right to file grievances.[7] Brodheim, 584 F.3d at 1269; Rhodes, 408 F.3d at 567.

8  Thus, retaliation against prisoners for having exercised their First Amendment rights is a

9  constitutional violation and prohibited as a matter of clearly established law.  Brodheim, 584 F.3d

10  at 1269 (citing Rhodes, 408 F.3d at 566).  Accordingly, plaintiff will be permitted to proceed with

11  this claim against defendant Zamora.

12  ### ii. Defendant Santo

13      Plaintiff alleges that defendant Santo of OCJ told defendant Zamora of WSP about the

14  grievances plaintiff had filed while he was in county jail.  (See ECF No. 1 at 4).  This, plaintiff

15  contends, led to a conspiracy between the two to retaliate against him by giving him a Level IV

16  classification at WSP in violation of his First Amendment rights.  (See id. at 4).

17      With respect to defendant Santo, plaintiff has not provided sufficient facts to support a

18  retaliation claim.  To state a viable classification-related retaliation claim against defendant Santo,

19  plaintiff must provide facts which indicate that Santo, a jail employee, played an active and

20  improper role in the determination that plaintiff should receive a Level IV classification at WSP –

21  an institution where he, presumably, had no authority.  Defendant Santo very well may have

22  spoken with defendant Zamora and told him that plaintiff had filed an inordinate number of

23  grievances while housed at the county jail.  This, however, does not mean that defendant Santo

24  ////

25  _____

26  [7]  Within the prison context, a viable claim of First Amendment retaliation entails five basic
   elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

27  because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

28  correctional goal.  Rhodes, 408 F.3d at 567-68 (citations omitted) (footnote omitted).

1  had a direct hand in plaintiff's classification status once he was released from jail and sent to

2  WSP.

3         Despite the weakness of this claim, because there is some question as to who employed

4  defendant Santo during the period in question and what his precise position was, any actual input

5  he may have had in determining plaintiff's classification level at WSP remains uncertain.

6  Therefore, plaintiff will be given the opportunity to amend this claim.[8]

7                    **b.  Failure to Follow Departmental Policy**

8         To the extent plaintiff attempts to claim a violation of right when he contends that

9  defendant Zamora violated department policy when he failed to provide written reports of the

10  disciplinary actions that led to the alleged findings of guilt (see ECF No. 1 at 5), this claim is not

11  cognizable.  This is because violations of prison policy and/or state law are not actionable in

12  federal court.  See generally 28 U.S.C. § 1983; see Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th

13  Cir. 2009); Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) (stating Section 1983

14  requires plaintiff to demonstrate violation of federal law, not state law).

15         There are no facts or information that plaintiff can add to this claim that would render it

16  cognizable.  Consequently, plaintiff will not be given the opportunity to amend it.  See Hartmann

17  v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when

18  amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

19  ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

20              **c.  Use of False Rules Violation and Disciplinary Reports**

21         To the extent plaintiff asserts that defendants Zamora and Santo unlawfully used false

22  rules violation reports and/or disciplinary action history, which ultimately led to plaintiff being

23  assigned a higher prison classification (see ECF No. 1 at 8-13), this claim, as currently presented,

24  is not cognizable.  This is because, the Due Process Clause itself does not contain any language

25  _____

26  [8]  As an aside, the court notes that conspiracy alone is not a constitutional tort under Section
   1983.  There must always be an underlying constitutional violation.  See Lacey v. Maricopa Cty.,

27  693 F.3d 896, 935 (9th Cir. 2012) (mandating need for underlying constitutional violation to have
   conspiracy).  Accordingly, the court only determines the existence and viability of the substantive

28  constitutional violations.

1  that grants a broad right to be free from false accusations.  Freeman v. Rideout, 808 F.2d 949, 951

2  (2nd Cir. 1986).  Thus, this argument fails to state a claim, and plaintiff will not be permitted to

3  amend it.  See Hartmann, 707 F.3d at 1130.

### d.  No Procedural Due Process:  False Rules Violation and Disciplinary Reports

6  At the same time, however, prisoners are entitled to be free from arbitrary actions of

7  prison officials.  Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Hanrahan v. Lane, 747 F.2

8  1137, 1140 (7th Cir. 1984) (citing Wolff).  The protections against such arbitrary action are the

9  procedural due process requirements set forth in Wolff and identified earlier herein.  Thus, filing

10  a false disciplinary charge against an inmate is actionable under Section 1983 if procedural due

11  process protections are not provided.  See Freeman, 808 F.2d at 951-52; Hanrahan, 747 F.2d at

12  1141.

13  It is unclear in the record whether it was defendant Zamora or defendant Santo – or both –

14  who created and/or proffered the allegedly false rules violation reports.  (See generally ECF No. 1

15  at 3-7).  It is also incredibly unclear whether plaintiff received procedural due process after

16  allegedly being falsely accused of rule violations.  The court has neither the time, nor the

17  inclination to weed through plaintiff's convoluted complaint in order to make presumptive

18  determinations regarding these key questions.  Therefore, plaintiff will be given the opportunity

19  to amend this claim.  If he chooses to do so, he must clearly state which defendant did what and

20  when.  He must also indicate whether he was provided the Wolff protections after the allegedly

21  false rules violations and/or disciplinary reports were drawn up.

### e.  Equal Protection:  Improper Classification and Loss of Privileges

23  Plaintiff also argues that the false information provided by defendants Zamora and Santo

24  deprived him of "equal protection, equal privileges" and "drastically impair[ed] [his] conditions

25  of confinement by increasing his restrictions."   (See ECF No. 1 at 5-7) (brackets added).

26  Specifically, he asserts that based upon his background factors, he had anticipated receiving a

27  Level III classification.  He contends, however, that because of defendants' false reports, he

28  improperly received a Level IV classification.  (See id. at 5-7).  As a result, he has more

1   restrictions and "very limited and/or restricted availability of vocational training, educational

2   training or related rehabilitation opportunities" than other inmates.  (See id. at 6).  For the

3   following reasons, this argument is not cognizable.

4          First, plaintiff's status as a prisoner does not make him a member of a suspect class, and

5   classification at a particular security level is not a fundamental right.  Aros v. Robinson, No. CV

6   04-0306 PHX SRB (LOA), 2012 WL 13105638, at *10 (D. Ariz. Feb. 3, 2012) (citing Webber v.

7   Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (using suspect class and fundamental right when

8   analyzing equal protection claim)); see generally Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th

9   Cir. 1999) (citations omitted) (noting indigent prisoners are not suspect class).  Thus, a showing

10  that plaintiff's Level IV classification was rationally related to a legitimate governmental

11  objective is all that is needed for defendants' classification decision to withstand scrutiny.  See

12  generally Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); Webber, 158 F.3d at 461; see Nelson v. City

13  of Irvine, 143 F.3d 1196, 1205 (9th Cir. 1998).

14         There could be a myriad of reasons why prison officials gave plaintiff a Level IV

15  classification instead of a Level III classification, rational reasons to which most courts could

16  reasonably defer.  Federal courts are to "afford appropriate deference and flexibility to state

17  officials trying to manage a volatile environment."  Sandin v. Conner, 515 U.S. 472, 482 (1995);

18  see Myron v. Terhune, 476 F.3d 716, 719 (9th Cir. 2007) (acknowledging Supreme Court

19  directive not to "fine-tune the ordinary incidents of prison life").  Thus, this equal protection

20  claim is not cognizable.

21         Finally, to the extent that this claim also alleges a wrongful deprivation of access to

22  educational training and rehabilitation programs, there is no constitutional right to rehabilitation,

23  and a lack of programming does not violate the Constitution, either.  Coakley v. Murphy, 884

24  F.2d 1218, 1221 (9th Cir. 1989) (citations omitted); Hoptowit, 682 F.2d at 1255).

25         For these reasons, plaintiff's equal protection claim is without merit.  Consequently,

26  plaintiff will not be permitted to amend them.  See Hartmann, 707 F.3d at 1130.

27  ////

28  ////

12

**C.     High Desert State Prison Officials:  Defendants Hale, Foss and Foston**

Plaintiff argues that defendants Hale, Foss and Foston at HDSP violated his rights under the "Eighth through Fourteenth" Amendments and were deliberately indifferent to his health and safety as well as to his physical, emotional and psychological well-being when they failed to corroborate the behavioral reports that led to him being assigned to a Level IV prison.  (See ECF No. 1 at 8, 10-11).  He also contends that these defendants failed to act, in violation of prison policies and procedures, knowing that as a result of their inaction, plaintiff's conditions of confinement would be severely impaired, and his access to prison programming and educational opportunities would be restricted.  (See id. at 8-10).

**1.  Deliberate Indifference:  Health, Safety and Classification**

Construed as an Eighth Amendment deliberate indifference claim, to wit, that defendants' assigning plaintiff a Level IV classification constituted deliberate indifference to his mental and physical health and safety, it is without merit.  First, plaintiff's points to no tangible harm – physical or otherwise – that he has actually experienced as a result of the Level IV classification.  (See generally ECF No. 1).  Deliberate indifference to health or safety in such an analysis is satisfied by showing:  "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).  "[T]he mere act of classification does not amount to an infliction of pain."  Therefore, it is not condemned by the Eighth Amendment.  See Myron, 476 F.3d at 719 (citation omitted) (internal quotation marks omitted).  Moreover, as stated earlier, a prisoner has no constitutional right to a particular classification status.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody).

For these reasons, plaintiff's deliberate indifference argument fails to state a claim upon which relief may be granted.  Therefore, plaintiff will not be given the opportunity to amend it. See Hartmann, 707 F.3d at 1130.

////

1        **2. Failure to Act Resulting in Deprivation of Prison Programming**

2        Plaintiff's claim that defendants Hale, Foss and Foston's failures to corroborate the

3  behavioral reports that contributed to his Level IV classification is without merit for a couple of

4  reasons.  First, its supporting assertion that the three "completely disregarded their own policies

5  and procedures[] and . . .  refused to enforce them (see ECF No. 1 at 9) (brackets added),"

6  ultimately challenges defendants' application of prison rules and regulations.  As stated earlier, a

7  misapplication of prison policies and procedures fails to state a claim in a Section 1983 action.

8  See Cousins, 568 F.3d at 1070; Galen, 477 F.3d at 662.  Next, as previously stated, an inmate has

9  no constitutional right to prison programming or rehabilitation.  See Coakley, 884 F.2d at 1221;

10  Hoptowit, 682 F.2d at 1255.  For these reasons, this claim is without merit, and plaintiff may not

11  amend it.  See Hartmann, 707 F.3d at 1130.

12  **VI.    CONCLUSION**

13        In sum, the following claim is cognizable, and plaintiff may proceed in this action with it

14  as it has been presented to the court:

15        • The retaliation claim against defendant Zamora of WSP.

16        In addition, the following claims are not cognizable, but plaintiff may amend them:

17        • Plaintiff's cruel and unusual punishment claims against OCJ officials;

18        • Plaintiff's retaliation claim against OCJ officials;

19        • Plaintiff's procedural due process claim against OCJ officials;

20        • The retaliation claim against defendant Santo of OCJ, and

21        • Any procedural due process claims against defendants Zamora and Santo that relate to

22          any false rules violation and/or disciplinary reports filed against plaintiff.

23        Plaintiff is not required to amend his complaint.  If he chooses, he may proceed solely on

24  the claim that have been identified as cognizable herein.  Whichever choice plaintiff makes, he

25  must inform the court of it via the Notice on How to Proceed form that is attached to the end of

26  this order.

27  ////

28  ////

1  **VII.    OPTION TO AMEND THE COMPLAINT**

2         Plaintiff is being given the opportunity to amend the complaint.  If plaintiff chooses to file

3  an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa

4  Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original).  Any amended

5  complaint should observe the following:

6         An amended complaint must identify as a defendant only persons who personally

7  participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson

8  v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

9  constitutional right if he does an act, participates in another's act or omits to perform an act he is

10  legally required to do that causes the alleged deprivation).

11         An amended complaint must also contain a caption including the names of all

12  defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

13  new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

14         Any amended complaint must be written or typed so that it is complete in itself without

15  reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an

16  amended complaint supersedes any earlier filed complaint, and once an amended complaint is

17  filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay,

18  375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter

19  being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa

20  Cty., 693 F.3d 896 (2012).

21         Accordingly, IT IS HEREBY ORDERED that:

22         1.   The Clerk of Court shall add A. Santo, a prison official at the Orange County Jail, as a

23  defendant in the case caption of the docket;

24         2.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

25         3.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

27  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28  appropriate agency filed concurrently herewith, and

15

    4.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

    IT IS FURTHER ORDERED that within sixty days of the date of this order, plaintiff shall either:

    1.  File an amended complaint, or

    2.  Inform the court in writing that:

        a. He wishes to proceed only on the cognizable claims identified herein, and

        b. He voluntarily dismisses any and all other defendants and claims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

    Failure to take one of these courses of action within the time allotted may result in the dismissal of this action for failure to prosecute and/or failure to obey a court order. See Fed. R. Civ. P. 41(b); see also L.R. 110.

Dated:  August 25, 2020

 

 

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hayd0432.scrn

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     ERIC RYAN HAYDE,                         No.  2:19-cv-0432 DB P

12                    Plaintiff,

13          v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                                 PROCEED
14     E. ZAMORA, et al.,

15                    Defendants.

16             CHECK ONE:

17     _____ Plaintiff would like to proceed immediately on his First Amendment retaliation claim

18     against defendant E. Zamora of Wasco State Prison.  By choosing to go forward without

19     amending the complaint, plaintiff:  (1) consents to the dismissal without prejudice of the claims

20     against defendants A. Santo of Orange County Jail; G. Hale, T. Foss, D. Foston of High Desert

21     State Prison, and any and all employees of the Orange County Jail, and (2) chooses to forego any

22     related and/or potentially viable claims against them and any other potential, yet to be named

23     defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

24             _____ Plaintiff would like to amend the complaint.

25

26     DATED:  _____

27                                              _____
                                                ERIC RYAN HAYDE
28                                              Plaintiff Pro Se