UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RYAN HAYDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. ZAMORA, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-00432 DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendant Edwardo Zamora retaliated against the plaintiff in violation of his First Amendment rights and that defendant Zamora, along with defendant A. Santo, violated plaintiff's Fourteenth Amendment due process and equal protection rights.  Before the court is plaintiff's first amended complaint ("FAC") for screening (ECF No. 15) and motion for extension of time (ECF No. 13).  For the foregoing reason, plaintiff's motion for extension of time will be denied as moot and plaintiff will be given the option to either proceed on the cognizable claims in his FAC or to submit an amended complaint.

**MOTION FOR EXTENSION OF TIME**

Plaintiff filed the initial complaint in this action on March 11, 2019.  (ECF No. 1.)  On October 21, 2020, plaintiff notified the court that he wished to amend the complaint and filed a motion requesting a forty-day extension of time to file an amended complaint.  (ECF Nos. 10,

1    11.)  The court granted plaintiff's motion for extension of time on November 3, 2020.  (ECF No.

2    12.)  On December 2, 2020, plaintiff filed a second motion for extension of time.  (ECF No. 13.)

3    Before the court ruled on plaintiff's second motion, plaintiff filed an amended complaint.  (ECF

4    No. 15.)

5        As plaintiff has filed an amended complaint, plaintiff's motion for extension of time to file

6    an amended complaint will be denied as moot.

**SCREENING**

**I.    Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under § 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v.

////

1  Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List,
2  880 F.2d 1040, 1045 (9th Cir. 1989).

3        Government officials may not be held liable for the actions of their subordinates under a
4  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
5  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious
6  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
7  violated the Constitution through his own individual actions by linking each named defendant
8  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
9  Id. at 676.

10  **III.**     **Allegations in the Complaint**

11        Plaintiff was an inmate at Wasco State Prison-Reception Center ("WSP") and, later, High
12  Desert State Prison ("HDSP") during the events described in the FAC.  (ECF No. 15 at 3-4.)  The
13  FAC names as defendants Correctional Counselor Edwardo Zamora and Orange County Sheriff's
14  Department ("OCSD") Deputy Sheriff A. Santo.  (Id. at 1.)  Plaintiff alleges the defendants acted
15  under color of state law.  (Id. at 5, 9.)

16        In his FAC, plaintiff alleges the following: On November 6, 2017, while located at WSP,
17  plaintiff met with defendant Zamora for a "pre-classification interview."  (Id. at 3.)  Defendant
18  Zamora gave the plaintiff a document which "reflected 120 classification points."  (Id.)  This was
19  higher than the plaintiff had anticipated.  (Id.)  Defendant Zamora informed the plaintiff that
20  defendant Santos had told defendant Zamora that plaintiff filed frivolous grievance appeals at the
21  Orange County Jail.  (Id.)  Defendant Zamora also stated that "plaintiff had not yet been at Wasco
22  Reception Center for 90 days and that the plaintiff was already putting his prison career in
23  jeopardy doing the same thing."  (Id.)  Plaintiff asked if this was a threat and defendant Zamora
24  "smiled at the plaintiff as if this was amusing."  (Id.)  Defendant Zamora told plaintiff "that out of
25  the 2 choices of prison assignments you're going to one of the most violent prisons in California."
26  (Id.)  Defendant Zamora further told that defendant Santo had spoken with his supervisor, OCSD
27  Sergeant Merrill, who had been the plaintiff's "classification handler" while at the Orange County
28  Jail.  (Id.)  Merrill told defendant Santo to "prepare his own list of disciplinary incident RVR's

that go back for the past 12 months." (Id.)  It was indicated to the plaintiff that defendant Santo told defendant Zamora that plaintiff was "well known and not well liked" in addition to the fact that defendant Santo anticipated that "the plaintiff's classification level would be high, and that he could not wait to put the plaintiff on the bus to prison." (Id. at 4.)

On November 18, 2017, plaintiff submitted a request for a copy of the "'CDC Form 839' scoresheet that defendant Zamora used to calculate the plaintiff's classification score." (Id.) Plaintiff was transferred to HDSP on November 20, 2017. (Id.) As he did not receive a response to his request, plaintiff submitted an appeal on November 28, 2017. (Id.) On December 12, 2017, plaintiff received a response that included a copy of the requested CDC Form 839 completed by defendant Zamora as well as a copy of a 128-B "Chrono" that defendant Zamora used to list fourteen disciplinary violations that occurred while plaintiff was in Orange County Jail. (Id.) The incidents in these disciplinary violations are all "uncorroborated, false, and unsupported by any evidence other than what defendant Zamora was prepared and proffered by OC Sheriff Santo." (Id.) Plaintiff indicates that the disciplinary violations used by defendant Zamora came from the list of rules violations provided by defendant Santo. (Id.) Plaintiff also believes that defendant Zamora violated "California Dept of Regulations, Dept Operations Manuel, Section 61010.11" which plaintiff says required defendant Zamora to obtain the written incident report for each rule violation used in calculating his placement score. (Id. at 5.)

Plaintiff alleges that defendant Zamora retaliated against the plaintiff for having filed grievances by "grossly and improperly elevating" the plaintiff's classification score. (Id.) Plaintiff further alleges that he was not afforded the procedural due process required by Wolff v. McDonnell, 418 U.S. 539 (1974) when defendant Santos created and provided a list of alleged prior rules violations to defendant Zamora. (Id.) Finally, plaintiff claims defendant Zamora "violated plaintiff's 5th through his 14th amendment rights to procedural due process and equal protection" by failing to request incident reports of the alleged rule violations and not ensuring plaintiff received "Wolff protections." (Id. at 8)

////

////

**IV.    Does Plaintiff State a Claim under § 1983?**

    **A. Retaliation**

Plaintiff alleges that defendant Zamora retaliated against the plaintiff filing grievances by increasing his classification score in violation of his First Amendment rights. (Id.)

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff claims in the FAC that defendant Zamora acted against the plaintiff in the form of raising his classification score. (ECF No. 15 at 4.) Plaintiff also claims that defendant took this action in retaliation for plaintiff filing grievances. (Id.) It is well-established that inmates have a right to file grievances against correctional officers. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Thus, plaintiff alleges that defendant Zamora took an adverse action against him in response to protected conduct. (ECF No. 15 at 3-4.) An increase in an inmate's placement score can result in housing in a higher security level facility. Myron v. Terhune, 457 F.3d 996, 999-1000 (9th Cir. 2006). As such, an increase in placement score is certainly sufficient to "chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69. Based on the allegations in the FAC, defendant Zamora's actions were not intended to advance "a legitimate correctional goal." Id.

Given the above, plaintiff has alleged sufficient facts in the FAC to state a claim of retaliation against defendant Zamora in violation of his First Amendment rights.

    **B. Due Process**

Plaintiff claims that both defendant Zamora and defendant Santos violated plaintiff's due process rights under the Fourteenth Amendment. (ECF No. 15 at 8.)

////

////

6

### 1. Legal Standard for Fourteenth Amendment Due Process Claims

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought. Id.

A state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484). A plaintiff must assert a dramatic departure from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485-86; Keenan, 83 F.3d at 1088-89.

Prisoners are entitled to be free from arbitrary actions by prison officials. Wolff v. McDonnell, 418 U.S. 539, 558 (1974); Hanrahan v. Lane, 747 F.2 1137, 1140 (7th Cir. 1984) (citing Wolff). In Wolff, the Supreme Court determined that a litigant has received adequate procedural due process during prison disciplinary proceedings when he has been given the following: (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex. Wolff, 418 U.S. at 564-70; See generally Hanrahan v. Lane, 747 F.2 1137, 1140 (7th Cir. 1984). These requirements protect inmates from "arbitrary actions extinguishing their privileges." Hanrahan, 747 F.2d at 1140 (citation omitted).

The Due Process Clause does not grant a broad right to be free from false or wrong accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, filing a false disciplinary charge against an inmate is actionable under Section 1983 if procedural due process protections are not provided. See Freeman, 808 F.2d at 951-52; Hanrahan, 747 F.2d at 1141.

**2. Defendant Zamora**

Plaintiff claims defendant Zamora violated his due process rights by failing to request each of the incident reports of plaintiff's alleged rule violations to confirm the information provided by defendant Santos was accurate. (ECF No. 15 at 8.) Plaintiff also claims defendant Zamora violated these rights because he "did not receive any 'Wolff Protections' before or after the alleged investigations." (Id.) These claims are not cognizable.

Defendant Zamora's purported violation of prison regulations is not sufficient to state a claim. The violation of a departmental regulation does not establish the existence of a federal constitutional violation. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (citing Case v. Kitsap County Sheriff's Dep't, 249 F.3d 921, 930 (9th Cir. 2001)) (citations omitted). As such, even if defendant Zamora did not follow prison regulations, this does not show he violated plaintiff's due process rights.

Plaintiff also claims that defendant Zamora did not act with "due diligence" in determining plaintiff's classification. (ECF No. 15 at 8.) Institutional staff have discretion to make classification decisions so long as that discretion is not exercised in an arbitrary or capricious manner. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994). Under the facts alleged, defendant Zamora received a list of rules violations from defendant Santos and relied on those to make a classification decision. (ECF No. 15 at 7-8.) Defendant Zamora's reliance on this list in helping to determine plaintiff's classification score is neither arbitrary nor capricious. Thus, it does not plaintiff's due process rights.

Further, defendant Zamora did not violate due process if plaintiff did not receive "Wolff protections" for the disciplinary violations provided by defendant Santos. The requirements described by Wolff are specific to disciplinary hearings. Wolff, 418 U.S. at 564-70 ("The procedures we have now required in prison disciplinary proceedings represent a reasonable accommodation between the interests of the inmates and the needs of the institution."). If plaintiff was denied the procedural due process rights from Wolff for the disciplinary violations relied on by defendant Zamora, the proper defendant would be the individuals who denied plaintiff that right. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,

8

423 U.S. 362 (1976). Defendant Zamora receiving a list of rules violations from defendant Santos and using it to determine plaintiff's classification score does not violate plaintiff's due process rights.

As such, plaintiff has stated sufficient facts to state a claim against defendant Zamora for violation of his due process rights under the Fourteenth Amendment. For the reasons stated above, this claim is without merit and plaintiff will not be permitted to amend these claims. See Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### 3. Defendant Santos

Plaintiff seems to allege that defendant Santos was responsible for the denial of plaintiff's Wolff protections for the rules violations that defendant Santos provided to defendant Zamora. However, plaintiff does not allege sufficient facts to support this claim. The FAC does not include any factual allegations related to the individual rule violations or, more importantly, the due process protections afforded to the plaintiff when he was given each violation.

Accordingly, under the facts alleged plaintiff has failed to state a claim against defendant Santos for violation of his due process rights. Plaintiff will be given the option of amending his complaint.

### C. Equal Protection

The FAC also claims that defendant Zamora violated the equal protection rights provided to the plaintiff by the Fourteenth Amendment. (ECF No. 15 at 8.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Hartmann, 707 F.3d at 1123; Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). State prison inmates retain a right to equal protection of the laws guaranteed by the Fourteenth Amendment. Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004) (citing Lee v. Washington, 390 U.S. 333, 334 (1968)). An equal protection claim may be established by

1    showing that defendants intentionally discriminated against plaintiff based on his membership in
2    a protected class, Hartmann, 707 F.3d at 1123, or that similarly situated individuals were
3    intentionally treated differently without a rational relationship to a legitimate state purpose,
4    Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008).

Plaintiff has not alleged any facts which show that he is a member of a protected class or that he was discriminated against due to his membership in that class.  Plaintiff states that he was treated differently from "similarly situated pre-trial detainees."  (ECF No. 15 at 8.)  However, without alleging facts that show plaintiff is a member of a protected class and that his treatment resulted from his membership in that protected class, these allegations are insufficient to state an equal protection claim.  Hartmann, 707 F.3d at 1123.

For these reasons, plaintiff's claim is without merit.[1]  Plaintiff will not be permitted to amend these claims.  See Hartmann, 707 F.3d at 1130.

**AMENDING THE COMPLAINT**

This court finds above that plaintiff's complaint states cognizable claims against defendant Zamora for retaliation in violation of plaintiff's rights under the First Amendment. However, plaintiff will be given the option to proceed on his cognizable claims or to file an amended complaint.  An amended complaint may state claims against defendant Santos for violation of his due process rights or state claims against any other defendant.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each

---

[1] In its first screening order, the court determined that plaintiff's equal protection claims were without merit and did not permit plaintiff to amend them to state a claim.  (ECF No. 7 at 12.) This is again the case here.  Plaintiff is warned that he must comply with all court orders and that failure to comply with a court order may result in a dismissal of this action.  See Fed. R. Civ. P. 41(b).

named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

11

evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states a cognizable First Amendment retaliation claim against defendant Zamora.
2. Plaintiff's due process and equal protection claims against defendant Zamora are dismissed without leave to amend.
3. Plaintiff's due process claims against defendant Santos are dismissed with leave to amend.
4. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
5. Within thirty days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.
6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  July 20, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/hayd0432.scrn2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC RYAN HAYDE,

          Plaintiff,

   v.

E. ZAMORA, et al.,

          Defendants.

No. 2:19-cv-0432 DB P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his First Amendment retaliation claim against CDCR Correctional Officer E. Zamora. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

                                                      Eric Ryan Hayde
                                                      Plaintiff pro se